**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANA T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 22-5191 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Lana T.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision.

**I.     BACKGROUND**

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A. Procedural Background

Plaintiff protectively filed an application for DIB in June 2020, alleging a disability onset date of March 16, 2020. (AR 15, 161, ECF No. 3.[2]) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 71-75, 80-84.) Thereafter, Plaintiff requested a hearing (*id.* at 85-87), and the ALJ held a telephone hearing (*id.* at 28-58). The ALJ subsequently denied Plaintiff's claim. (*Id.* at 12-27.) Plaintiff submitted a request for review, which the Appeals Council denied. (*Id.* at 1-6.) This appeal followed. (*See generally* Compl., ECF No. 1.) Plaintiff subsequently filed her moving brief in this action (Pl.'s Moving Br., ECF No. 9), and the Commissioner opposed (Def.'s Opp'n Br., ECF No. 13).

### B. The ALJ's Decision

In his decision, the ALJ concluded that Plaintiff was not disabled at any time between March 16, 2020, and the date of the decision. (AR 24.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 16-17 (citing 20 C.F.R. § 404.1520).) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2025." (*Id.* at 17.) At step one, the ALJ found that Plaintiff has not "engaged in substantial gainful activity" since March 16, 2020. (*Id.* at 16, 17 (citing 20 C.F.R. § 404.1571 *et seq.*).) At step two, the ALJ found that Plaintiff suffered from two severe impairments: (1) spine disorder; and (2) osteoarthritis. (*Id.* at 16, 18 (citing 20 C.F.R. § 404.1520(c)).) Despite the ALJ finding Plaintiff had severe impairments, he determined at step

---

[2] The Administrative Record ("AR") is located at ECF Nos. 3 through 3-9. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

three that Plaintiff "does not have an impairment or combination of impairments" that qualifies under the Administration's listed impairments. (*Id.* at 16, 18-19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) The ALJ then found that Plaintiff possessed the residual functional capacity (the "RFC"):

> to perform light work as defined in 20 C[.]F[.]R[.] [§] 404.1567(b) except for the following limitations. She can lift and/or carry and can push and/or pull up to 20 pounds occasionally and up to 10 pounds frequently and can sit, stand[,] and walk up to six hours in an eight-hour workday. She can reach in all directions frequently on the right and can handle and finger with the right hand frequently. [She] can climb ramps and stairs occasionally[,] but can never climb ladders, ropes, or scaffolds. She can balance frequently, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally.

(*Id.* at 19.)

In determining Plaintiff had the RFC to "perform light work" subject to certain limitations, the ALJ thoroughly detailed Plaintiff's medical history, including medical records such as notes from multiple doctors' visits and a telehealth visit, Plaintiff's function report, the third-party function report prepared by Plaintiff's sister, and the state agency consultants' opinions. (*See id.* at 19-24.) Although the state agency medical consultants opined that Plaintiff could "perform her past relevant work as clerical assistant as actually performed[,]" the ALJ found the persuasiveness of such opinions "reduced" because they were "non-examining medical consultants." (*Id.* at 23.) The ALJ also found the function reports to be neither "valuable nor persuasive[.]" (*Id.* at 23-24.)

At step four, the ALJ concluded that Plaintiff was "capable of performing past relevant work as an administrative clerk" because that "work does not require the performance of work-related activities as precluded by [Plaintiff's RFC.]" (*Id.* at 16, 24.) Based on the above findings, the ALJ concluded that Plaintiff had not been under a disability from the alleged disability onset date, through the date of the decision. (*Id.* at 24 (citing 20 C.F.R. § 404.1520(f)).)

3

This appeal concerns the ALJ's RFC determination and ultimate conclusion that Plaintiff is not disabled. (*See generally* Pl.'s Moving Br.) The Court must therefore resolve whether the ALJ's RFC determination and conclusion that Plaintiff is capable of performing past relevant work as an administrative clerk are supported by substantial evidence.

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence.

4

*Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

### B.     Establishing Disability

To be eligible for DIB, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers

5

from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 140-41, 146 n.5 (1987). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *Id.* If the claimant's RFC permits previous employment, she is not "disabled" and thus is not entitled to DIB. *Id.* § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive DIB. *Id.*

## III. **DISCUSSION**

Plaintiff alleges that the ALJ's RFC determination "is not based on substantial evidence, contains no rationale, omits essential vocational testimony and issues findings on the basis of [a] non-case-specific template." (Pl.'s Moving Br. 8-24.) In so arguing, Plaintiff takes issue with both the ALJ's RFC determination itself and the conclusion that Plaintiff could return to her past relevant work as an administrative clerk. (*Id.*) The Court discusses each argument in turn below.

### A.     The ALJ's RFC Determination

Plaintiff first argues that the ALJ erred in his assessment of the RFC by failing to explain how he reached the limitations set forth in the RFC determination and, therefore, the ALJ's RFC determination is not supported by substantial evidence. (*See id.* 8-21, 24.) Specifically, Plaintiff claims that "the orthopedic pathologies . . . are perfectly understandable in terms of limitation and symptomatology[,] but the decision does not reveal any compelling reason or comprehensible rationale . . . for the RFC finding[.]" (*Id.* at 14-15.) The Court disagrees.

"A claimant's RFC reflects 'what [the claimant] can still do despite [his or her] limitations.'" *Morris v. Comm'r of Soc. Sec.*, No. 19-13744, 2020 WL 2764803, at *4 (D.N.J. May 28, 2020) (alterations in original) (citing 20 C.F.R. § 416.945(a)). The regulations establish that the RFC determination is expressly reserved for the Commissioner, rather than any medical source. *Id.* (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), 404.1546(c), 416.946(c)). In making an RFC determination, the ALJ must:

> [c]onsider all [the] symptoms, including pain, and the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. [The ALJ] will consider all of [the] statements about [the plaintiff's] symptoms, such as pain, and any description [the plaintiff's] medical sources or nonmedical sources may provide about how the symptoms affect [the plaintiff's] daily living and . . . ability to work. . . .

20 C.F.R. § 404.1529(a). Notably, "RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). Where "evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Here, after consideration of all the evidence in the record,[3] the ALJ determined that Plaintiff has the RFC to "perform light work" subject to certain limitations. (AR 19, 21.) The ALJ reached his decision because "[a] review of the medical record confirms [Plaintiff] has physical limitations, . . . [but] the overall record simpl[y] does not contain evidence consistent with the extensive degree of reduc[ed] functioning alleged by the [Plaintiff]." (*Id.* at 21.) The ALJ specifically noted that Plaintiff's "orthopedic disorders have limited [Plaintiff's] ability to perform certain tasks" but that "the evidence indicates that [Plaintiff] can mostly manage personal care," and can handle tasks such as laundry, driving alone, and traveling. (*Id.* at 23); *see also Alexander v. Shalala*, 927 F. Supp. 785, 795 (D.N.J. 1995) ("[I]t is well within the discretion of the Secretary to evaluate the credibility of a plaintiff's testimony and to render an independent judgment in light of the medical findings and related evidence regarding the true extent of such disability." (citation omitted)).

In his analysis, the ALJ explicitly mentioned that he considered evidence such as Plaintiff's Function Report and her own testimony, which included statements that she: (1) "had a car accident and has lower back pain, right shoulder pain, pain in her knees and her right and left leg, and pain on the left side of her stomach" which affected her ability to return to work thereafter; (2) "cannot do prolonged sitting, standing, bending or lifting heavy objects"; (3) "does not have any problems with personal care [except] for caring for her hair due to her shoulder hurting sometimes"; (4) "takes care of her four-year-old child" which includes "prepar[ing] light meals, . . . clean[ing] with slight difficulty[,] and . . . do[ing] her own laundry"; and (5) "drives, goes out alone, shops

---

[3] The Court must take the ALJ's word that he reviewed all of the evidence in the record. (*See* AR 19 ("After careful consideration of the entire record . . .")); *see also Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at his word when he wrote that he reviewed [specific evidence in the record.]").

in stores, and manages her own money." (AR 20-21.) The ALJ further considered Plaintiff's medical records, including: (1) her diagnosis of "disorder of the lumbar spine, lower back pain[,] and osteoarthritis of bilateral knees and right shoulder"; (2) "diagnostic studies consisting of a CT scan of the lumbar spine [which] demonstrated degenerative changes greatest at L3-L4 and L4-L5 with moderate to severe central canal stenosis . . . [, a] CT scan of the cervical spine and thoracic spine [which] was normal[,]" and other imaging and scans; (3) documentation of Plaintiff's October 23, 2019, physical therapy evaluation; (4) treatment records from Robert Wood Johnson General Internal Medicine; and (5) 2020 treatment records that indicated that Plaintiff "was moving around appropriately" in June, but "looked a little uncomfortable" in August, that as of November, "[Plaintiff] related physical therapy was very helpful," and in December, Plaintiff "was able to stand on heels and toes . . . [and] was able to rotate her hip in hip joint" and was "diagnosed with lumbar radiculopathy and osteoarthrosis, generalized in multiple sites." (*Id.* 22-23.) Lastly, the ALJ considered the administrative medical findings, but determined that they did not warrant "any specific evidentiary weight, including controlling weight[.]" (*Id.* at 23.)

The Court defers to the ALJ's credibility determination and weighing of both Plaintiff's evidence and competent medical testimony. *See Izzo*, 186 F. App'x at 286. The ALJ appropriately weighed the evidence in the record and the Court must accept the ALJ's rational interpretation of that evidence and the resulting RFC determination. *See id.* at 284. The Court, therefore, rejects Plaintiff's argument and finds that the ALJ's RFC determination is supported by substantial evidence.

B.  **The ALJ's Consideration of the Vocational Expert's ("VE") Testimony**

Plaintiff next argues that the ALJ erred in omitting "crucial testimony which sets forth the VE's opinion that [P]laintiff's past work may have been subsidized and accommodated work due

9

to her long record of service[.]" (Pl.'s Moving Br. 23.) In support of this argument, Plaintiff points to the VE's testimony that there were two instances where the VE heard the "possibility of an accommodation." (*Id.* (quoting AR 55-56).) What Plaintiff overlooks, however, is that the VE's discussion about this possible accommodation relates to Plaintiff's previous role as a *receptionist*. (*See* AR 55 ("[A]s it was described -- *the receptionist position*, testimony indicated that there were activities . . . , for instance going into the treatment rooms and restocking, which can be . . . *a medical receptionist*, a person in that environment has to do as part of that job, even though it's sedentary." (emphasis added).) In his analysis, the ALJ did not conclude that Plaintiff could return to her past work as a receptionist, but rather that Plaintiff had the RFC to "perform her past relevant work as an administrative assistant[.]" (*Id.* at 24.) This decision was supported by: (1) Plaintiff's testimony that her prior role as an administrative clerk "required her to lift and carry ten to twenty pounds and sit versus standing and walking about 50% of the time[;]" (2) the ALJ "credit[ting] the [VE's] testimony that in comparing the [Plaintiff's RFC] with the physical and mental demands of this work[;]" and (3) the ALJ's determination that the VE's testimony was "consistent with the information contained in the Dictionary of Occupational Titles[.]" (*Id.*)

Plaintiff's argument, therefore, fails. The Court finds that the ALJ's determination that Plaintiff could perform past work as an administrative clerk is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's final decision. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: January 29th, 2026

10